UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRE THRONE PLAZA RIO VISTA, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN RYAN, et al.,<br><br>　　　　　Defendants. | Case No. 5:18-cv-01036-JGB-SHK<br><br>ORDER REMANDING CASE TO STATE COURT |

Defendant John Ryan ("Defendant") seeks to remove this unlawful detainer action from the Riverside County Superior Court to this Court on the basis of diversity of citizenship. Electronic Case Filing Number ("ECF No.") 1, Notice of Removal ("NOR") at 2; ECF No. 1-1, NOR Civil Cover Sheet at 1. Defendant also applied to proceed in forma pauperis ("IFP Application"). ECF No. 4, IFP Application. For reasons discussed below, the Court sua sponte REMANDS this action to the Riverside County Superior Court and DENIES Defendant's IFP Application as moot.

### I.　APPLICABLE LAW

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32

(2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). Federal courts, however, are limited in the types of cases that they can hear and cannot hear any lawsuit that a party may want to file, unlike many state courts. United States v. Jacobo Castillo, 496 F.3d 947, 951 (9th Cir. 2007). Specifically, federal courts can only hear "those cases that (1) are within the judicial power of the United States, as defined in the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress." Id. (internal quotation marks omitted). Without the authority to hear a case, either by the U.S. Constitution or the U.S. Congress, a federal court lacks subject matter jurisdiction over the matter. See Kontrick v. Ryan, 540 U.S. 443, 452 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction."). Also, neither the federal court nor the parties can waive this type of a defect, or problem. Castillo, 496 F.3d at 952.

One such way to have jurisdiction is called diversity and the requirements for this type of jurisdiction are set out under 28 U.S.C. § 1332. This statue provides, in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or

> subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

In addition to diversity jurisdiction, a party may also be able to bring an action in federal court if there is a federal question, under 28 U.S.C. § 1331. This means that a federal district court can hear a case if the claim is based on a violation of the United States "Constitution, laws, or treaties of the United States." Id.

The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

Removal statutes are to be strictly construed and any doubts are to be resolved in favor of state court jurisdiction and remand. See Gaus, 980 F.2d at 566. "If it is unclear what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction,

including the jurisdictional amount." Id. at 566-67 (remanding the case back to the district court with instructions to remand back to the state court).

Notably, the party seeking removal must show by a preponderance of the evidence that the amount in controversy exceeds $ 75,000. See Abrego Abrego, 443 F.3d at 683; Conrad Associates v. Hartford Acc. & Indem. Co., 994 F.Supp. 1196, 1198 (N.D. Cal. 1998) ("A speculative argument regarding the potential value of the award is insufficient."). "It is insufficient for the removing party to merely state a conclusion that the amount in controversy 'exceeds $75,000.' Instead, the defendant is obligated to provide proof of the underlying facts that establish the Court's jurisdiction." Avans v. Foster Wheeler Const. Co., No. 1:10-CV-00922 LJO, 2010 WL 3153972, at *2 (E.D. Cal. Aug. 6, 2010).

## II. DISCUSSION

Defendant's NOR fails to establish this Court's jurisdiction over the subject matter of this action, because the NOR fails to establish the diversity of citizenship requirements set forth in 28 U.S.C. § 1332, or the federal question requirements set forth in 28 U.S.C. § 1331. The Court first addresses Defendant's failure to meet the diversity of citizenship requirements of 28 U.S.C. § 1332.

### A. The Amount In Controversy Requirement To Establish Diversity Jurisdiction Is Not Met Here, Under 28 U.S.C. § 1332

Here, Defendant claimed that the federal court has subject matter jurisdiction, under "Actuary and Diversity elements," such that this matter could be removed from state court. ECF No. 1, NOR at 2. Specifically, in his removal petition, Defendant asserted that "the actuary value [of the case] is valued in excess of $75,000.00." Id. However, despite Defendant's allegation that the amount in controversy exceeds $75,000, a review of Plaintiff's Complaint, which Defendant attached to the NOR, reveals that the amount in controversy likely falls well short of this required, jurisdictional amount. See id. at 8 (Plaintiff seeking damages of $15,166.86 for unpaid rent through October 2017, "$55.62 per day for

4

each day that Tenants unlawfully remain in possession of the Premises after November 30, 2017, through the date of entry of judgment[,]"[1] "prejudgment interest at the maximum lawful rate[,]"and "reasonable attorney's fees as provided under section 21.04 of the lease.").

Although it is unclear what amount of damages Plaintiff will ultimately seek for attorney's fees and prejudgment interest once this matter has concluded, Defendant's conclusory allegation regarding the amount of controversy does not meet his burden of actually setting forth the facts to support jurisdiction, such that the Court can make the necessary finding in that regard by a preponderance of the evidence. See Gaus, 980 F.2d at 566-67; Abrego Abrego, 443 F.3d at 683. Accordingly, because the calculable damages sought by Plaintiff in the Complaint total less than $25,000, and because doubts are to be resolved in favor of state court jurisdiction and remand, Gaus, 980 F.2d at 566, this Court finds that the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) has not been met, even when Plaintiff's attorney's fees and prejudgment interest are added to the nearly $25,000 Plaintiff seeks in damages in the Complaint.

**B.   No Federal Question Jurisdiction, Under 28 U.S.C. § 1331**

Here, even though Defendant selected diversity of citizenship under 28 U.S.C. § 1332(a) as the jurisdictional basis for removing this action to this Court on this Court's Civil Coversheet, which provides information to the Clerk's office, Defendant's NOR makes several allegations that his due process and equal protection rights are being denied as a result of the unlawful detainer action that has been initiated against him in the State Court. See e.g., ECF No. 1, NOR at 2, 4 (Defendant alleging that "the actions of Counsel for Plaintiff, and the State Court

---

[1]   The Court notes that, through the date of this Order, 169 days have passed since November 30, 2017. The Court also notes that 169 days multiplied by a $55.62 daily rate of damages equals $9,399.78. When this amount is added to the $15,166.86 that Plaintiff seeks in damages for unpaid rent through October 2017, the total money damages Plaintiff seeks in the complaint, to date, and absent attorney's fees and prejudgment interest, totals $24,566.64.

5

are depriving Defendant of due process of law in that he is being disposed of his property"; "Defendant is, therefore, being denied his due process rights and equal protection under the 14th Amendment to protect his tenancy."). The main thrust of Defendant's allegations, however, appears to be that the unlawful detainer action itself is a violation of Defendant's constitutional rights. Thus, Defendant appears to be challenging the underlying unlawful detainer action, which arises under and governed by the laws of the State of California.

Accordingly, Defendant's alleged constitutional violations appear to merely be challenges to the unlawful detainer action, which arises under and governed by the laws of the State of California. Therefore, this Court finds that there is no federal question present under 28 U.S.C. § 1331.

### III. CONCLUSION

Accordingly, IT IS THEREFORE ORDERED, that the case be **REMANDED** to the Riverside County Superior Court and that Defendant's IFP Application be **DENIED**.

IT IS SO ORDERED.

DATED: May 18, 2018

HONORABLE JESUS G. BERNAL
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge